**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **COCONUT BREEZE CUISINE** | : | **Case No. 26-10640-DJB** |
| **INCORPORATED,** | : | **(Jointly Administered)[1]** |
| | : | |
| **Debtor.** | : | |
| | : | |

**ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM**
**AND APPROVING FORM AND MANNER OF NOTICE**

AND NOW, upon consideration of the Motion of the Coconut Breeze Cuisine Incorporated

("CBC") and Irie Entree LLC ("Irie" and together with CBC the "Debtors") for an Order for Entry

of an Order (i) Fixing a Bar Date for Filing Proofs of Claim and (ii) Approving the Bar Date Order,

Notice and Related Procedures (the "Motion")[2], and after notice, it is hereby ORDERED that:

1.      The Motion is GRANTED;

2.      Pursuant to Bankruptcy Rules 3003(c)(3) and 5005(a), except as set forth herein,

all persons and entities other than a governmental unit (each as defined in Sections 101(41),

101(15) and 101(27), respectively, of the Bankruptcy Code), including, without limitation,

individuals, partnerships, corporations, estates, trusts, and unions (individually, a "Creditor", and

collectively, the "Creditors") holding or wishing to assert claims (as such term is defined in Section

101(5) of the Bankruptcy Code) against the Debtors (individually, a "Claim", and collectively, the

"Claims") are required to file a separate, completed and executed proof of claim form (either in

the form mailed to Creditors or otherwise conforming substantially to Official Bankruptcy Form

---

[1] On March 16, 2026, the Court entered an order directing the joint administration of the above-captioned case and *In re Irie Entree LLC*; Case No. 26-10642-DJB. (D.I. #39).
[2] Capitalized terms used herein, but not otherwise defined, shall be given the same meaning as given to them in the Motion.

B10), together with accompanying documentation (a "Proof of Claim") on account of any Claims such Creditor holds or wishes to assert against either of the Debtors so that the Proof of Claim is filed in the appropriate Debtor's bankruptcy case (the appropriate Debtor is the Debtor, either CBC or Irie, against whom the Claim is held) and actually received by the Clerk's Office on or before May 22, 2026 ~~XXXXXXXXX~~ (the "General Bar Date") or, in the case of governmental units, by **August 17, 2026** (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates") at the following address:

Clerk's Office
U.S. Bankruptcy Court for the Eastern District of PA
Robert N.C. Nix, Sr. Building
900 Market Street, Suite 400
Philadelphia, PA 19107

Facsimile submissions will not be accepted. Proofs of Claim shall be deemed filed only when actually received.

3.      Proofs of Claim are not required, at this time, to be filed by any Creditor asserting a Claim of any of the types set forth below: (a) any Creditor that agrees with the nature, classification and amount of such Claim set forth in the Schedules and whose Claim against the Debtors is not listed as "disputed", "contingent" or "unliquidated" in the Schedules; (b) any Creditor that has already properly filed a Proof of Claim against the Debtors; (c) any Creditor whose Claim against the Debtors has been previously allowed by, or paid pursuant to, an order of this Court; and (d) any Creditor asserting a Claim allowable under §§ 503(b) and 507(a)(l) of the Bankruptcy Code as an administrative expense of either Debtors' Chapter 11 case.

4.      The Debtors shall retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated; provided, however, that if the Schedules are amended to reduce the undisputed, non-

2

contingent or liquidated amounts or to change the nature or classification of a Claim against the Debtors reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled claim. The "Amended Schedule Bar Date" shall be the later of the General Bar Date or thirty (30) days after a claimant is served with notice that the Schedules have been amended to reduce the amount of, delete, or change the status of a scheduled claim of such claimant. Notwithstanding the foregoing, nothing set forth herein will preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

5.      Any Creditor that is required to file a Proof of Claim in this Chapter 11 case but that fails to do so in a timely manner and/or in the appropriate Debtor's case, shall be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtors that such creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"), and (b) voting upon, or receiving distributions under, any plan in this Chapter 11 case in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

6.      The new form of Notice of Deadline to File Proofs of Claim (the "Bar Date Notice"), attached to this Order as Exhibit "A", is approved. The Bar Date Notice shall be mailed by the Debtors by first class mail, postage prepaid, as soon as practicable, but in no event later than Monday, April 27 , 2026, to all known creditors holding potential pre-petition Claims.

7.      The provisions for notice of the bar dates, as set forth in this Order, in the manner set forth herein, shall constitute adequate and sufficient notice of each of the bar Dates and shall

3

be 4 deemed to satisfy the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

8.      All Creditors that desire to rely on the Schedules with respect to filing a Proof of Claim in either Debtors' Chapter 11 case shall have the responsibility for determining that their Claims are accurately listed therein.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

BY THE COURT:

Dated: April 24, 2026

_____
Honorable Derek J. Baker
United States Bankruptcy Judge

4

4916-9959-4913 v2

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **COCONUT BREEZE CUISINE** | : | **Case No. 26-10640-DJB** |
| **INCORPORATED,** | : | **(Jointly Administered)[1]** |
| | : | |
| **Debtor.** | : | |
| | : | |

## NOTICE OF DEADLINE TO FILE PROOFS OF CLAIM

**TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST THE DEBTORS, COCONUT BREEZE CUISINE INCORPORATED AND IRIE ENTREE LLC:**

Please take notice that the Bankruptcy Court entered an Order (D.I. #____) (the "Bar Date Order") in the jointly administered cases of Coconut Breeze Cuisine Incorporated ("CBC") and Irie Entree LLC ("Irie" and together with CBC the "Debtors"), establishing **May 22, 2026**, as the general claims bar date (the "General Bar Date") and **August 17, 2026** as the governmental unit claims bar date ("Governmental Unit Bar Date"). Except as described below, the Bar Date Order requires that any Claims (as defined herein) against the Debtors be filed in the appropriate Debtor's case with the Clerk of the United States Bankruptcy Court (the "Clerk's Office") by submitting a proof of claim to the following address: Clerk's Office, U.S. Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Building, Suite 400, 900 Market Street, Philadelphia, PA 19107, so that such proof of claim is **ACTUALLY RECEIVED on or before** **the General Bar Date, or in the case of claims asserted by a governmental unit, on or before** **the Governmental Unit Bar Date**.

Proofs of Claim are deemed filed only when they are actually received by the Clerk's office and facsimile submissions will not be accepted. Form Proofs of Claim are available from the Clerk of the Court at the same address. A copy of the Proof of Claim or Interest must also be served upon the Debtors' counsel at the following address on or before the General Bar Date and Governmental Unit Bar Date:

Edmond M. George, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA  19102

---

[1] On March 16, 2026, the Court entered an order directing the joint administration of the above-captioned case and *In re Irie Entree LLC*; Case No. 26-10642-DJB. (D.I. #39).

4916-9959-4913 v2

Pursuant to the Bar Date Order, all persons or entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, and unions (individually, an "Entity") holding claims against the Debtors (whether secured, priority or unsecured) that arose prior to February 18, 2026, or Interests in the Debtors, are required to file Proofs of Claim or Interests by the General Bar Date, or in the case of governmental units, by the Governmental Unit Bar Date, unless otherwise provided for herein.  If any Entity has a claim against either of the Debtors, a Proof of Claim or Proofs of Claim must be filed in the appropriate Debtor's bankruptcy case. The appropriate Debtor is the Debtor, either CBC or Irie, against whom the Claim is held.

The following Entities must file a proof of claim on or before the General Bar Date, unless otherwise provided herein: (a) any Entity whose Claim is listed in the schedules of assets and liabilities (the "Schedules") as "disputed," "contingent" or "unliquidated" and who desires to participate in the Chapter 11 case or share in any distribution in the Chapter 11 case; (b) any Entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules; or (c) any Entity asserting a Claim that is not listed in the Schedules.

The following Entities do not need to file a proof of claim on or before the General Bar Date: (a) any Person or Entity (i) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (ii) whose Claim against the Debtors is not listed as "disputed," "contingent" or "unliquidated" in the Schedules; (b) any Person or Entity that has already properly filed a proof of claim against the Debtors; (c) any Person or Entity asserting a Claim allowable under §§ 503(b) and 507(a)(l) of the Bankruptcy Code as an administrative expense of either Debtor's Chapter 11 case; and (d) any Person or Entity whose Claim against the Debtors previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court. Entities should not file a proof of claim if such Entity does not have a Claim against the Debtors.

Any Entity whose Claims have been reduced, deleted or the status of which has been changed in connection with amendments to the Schedules must file a proof of claim in respect of such amended schedule claim on or before the later of: (a) the General Bar Date or (b) thirty (30) days after such Entity is served with notice that the Schedules have been amended.

Any Entity that is required to file a proof of claim but fails to do so in a timely manner and/or in the appropriate Debtor's case, will be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtors that such entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (in either case, an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under any plan in this Chapter 11 case in respect of an Unscheduled Claim.

Neither the Debtors, their attorneys, nor the Clerk's Office can advise you whether you should file a proof of claim. Nothing set forth in this bar date notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

4916-9959-4913 v2

Neither the Debtors' counsel nor the Bankruptcy Court Clerk's Office can give you legal advice. You may wish to consult an attorney to protect your rights.

Dated: April ___, 2026

By: */s/ Edmond M. George*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
William F. Saldutti IV, Esquire (*pro hac vice*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665-3140 – Phone
(215) 665-3165 – Facsimile
Email: edmond.george@obermayer.com
         michael.vagnoni@obermayer.com
         william.saldutti@obermayer.com

*Counsel to Debtors, Coconut Breeze Cuisine Incorporated and Irie Entree LLC*

3

4916-9959-4913 v2