**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **COCONUT BREEZE CUISINE** | : | **Case No. 26-10640-DJB** |
| **INCORPORATED,** | : | **(Jointly Administered)[1]** |
|  | : |  |
| **Debtor.** | : |  |
|  | : |  |

### ORDER GRANTING APPLICATION OF THE DEBTORS TO EMPLOY
### GREEN, SILVERSTEIN & GROFF, LLC AS LIQUOR LICENSE COUNSEL

AND NOW this _____ day of _____, 2026, upon consideration of the Application of Coconut Breeze Cuisine Incorporated ("CBC") and Irie Entree LLC ("Irie" and together with CBC the "Debtors") to employ Green, Silverstein & Groff, LLC ("GSG"), as Special Counsel to the Debtors (the "Application") in their jointly administered bankruptcy cases, and the Court being satisfied that GSG does not represent any other party-in-interest or hold an interest adverse to the Debtors in their bankruptcy cases and is a disinterested person within the meaning of 11 U.S.C. § 101(14), it is hereby:

ORDERED that the Application is granted in its entirety; and it is further

ORDERED that the Debtors are hereby authorized to retain and employ GSG, as Liquor License Counsel in the within proceeding under Chapter 11 of the United States Bankruptcy Code; and it is further

ORDERED that the terms of GSG's compensation set forth in the Fee Agreement are preapproved under 11 U.S.C. Section 328(a); and it is further

---

[1] On March 16, 2026, the Court entered an order directing the joint administration of the above-captioned case and *In re Irie Entree LLC*; Case No. 26-10642-DJB. (D.I. #39).

4901-7189-6231 v1

ORDERED that compensation for professional services of GSG shall be charged at the flat fee of $10,000.00 for any transaction completed for sale of the liquor license plus all costs.  For the expenses related to the liquor license reinstatement GSG's professional services will be billed at the hourly billing rate of $500.00 per hour; and it is further

ORDERED that notwithstanding anything to the contrary in the engagement letter from GSG to the Debtors, compensation to GSG is only to be allowed by order of this Court upon submission of an application for compensation in conformity with the United States Bankruptcy Code, applicable Bankruptcy Rules, and *In re Busy Beaver Building Center, Inc.*, 19 F.3d 833 (3rd Cir. 1994).

BY THE COURT:

_____

Honorable Derek J. Baker
United States Bankruptcy Judge

4901-7189-6231 v1

2